MEMORANDUM **
Juana Jimenez and Miguel Jimenez-Rojas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) removal order (No. 06-72051), and the former Legalization Appeals Unit’s (“LAU”) order dismissing Jimenez-Rojas’ appeal from the denial of his Special Agricultural Worker (“SAW”) application (No. 06-72054). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a SAW application. Perez-Martin v. Ashcroft, 894 F.3d 752, 758 (9th Cir.2005). We dismiss the petition for review in No. 06-72051 and deny the petition for review in No. 06-72054.
We lack jurisdiction to review the agency’s discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship. See 8 U.S.C. § 1252(a)(2)(B)(i); see also Martinez-Ro-sas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
We also lack jurisdiction over petitioners’ remaining contentions in No. 06-72051, which are not colorable. See Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir.2009) (any challenge to an IJ’s discretionary determination must present a colorable claim).
The LAU did not abuse its discretion in dismissing Jimenez-Rojas’ SAW appeal where Jimenez-Rojas provided insufficient evidence of qualifying employment. See Perez-Martin, 394 F.3d at 759-60 (to overcome derogatory government evidence, an applicant must provide enough evidence to show qualifying employment “as a matter of just and reasonable inference”) (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)).
No. 06-72051: PETITION FOR REVIEW DISMISSED.
No. 06-72054: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.